ERNEST BUSE v. FIRST STATE BANK OF RED LAKE FALLS.[1]

August 7, 1908.

Nos. 15,715—(217).

**Purchaser of Note—Uncredited Payments.**

A bank, which purchases a note from another bank, paying therefor the face value, with knowledge of the fact that payments have been made and not credited on the note, can collect from the maker of the note only the amount actually due thereon.

**Same.**

A., being indebted to a bank, deposited as collateral security certain notes and other property. Various renewals of the notes were made. The bank ceased to do business, and sold and transferred the notes, with other property, to another bank, which was organized for the purpose of continuing the business. The officers of the first bank became the officers of the second bank. Before the transfer, the first bank collected certain money upon the collateral notes, and, instead of applying it to the payment of the debt, applied it to the payment of interest thereon at the rate of twenty per cent. per annum. After the second bank acquired the notes, it realized upon the balance of the collateral. The second

[1] Reported in 117 N. W. 490.

bank paid for the notes the full face value thereof; but its officers knew at the time that the money collected upon the collateral had been misapplied to the payment of illegal interest, instead of being properly applied to reduce the notes. *Held*, that it could retain thereon only an amount necessary to pay what was actually due on the notes at the time they were purchased from the first bank.

Action in the district court for Red Lake county for an accounting. The case was tried before Watts, J., who made findings and as conclusion of law found that plaintiff was entitled to judgment against defendant the First State Bank of Red Lake Falls for the sum of $1,360.93. From an order denying its motion to vacate the findings and order for judgment and for a new trial, defendant the First State Bank of Red Lake Falls appealed. Affirmed.

*A. A. Miller* and *Charles E. Boughton,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

ELLIOTT, J.

This action was brought to recover money claimed to have been collected by the First State Bank of Red Lake Falls upon certain collaterals held by it as security for the plaintiff's notes. While the assignments of error raise the question of the correctness of the findings of fact, there is no real controversy as to what actually occurred. The appellant's objections are really to the conclusions which the court has drawn from the conceded facts.

It appears that between 1887 and 1891 the respondent, Ernest Buse, borrowed $3,000 from the First National Bank of Red Lake Falls, and as security therefor pledged and deposited with the bank certain notes of other parties, some of which were secured by chattel mortgages and others by mortgages upon real estate. He also pledged to the bank certain real estate, and gave to J. I. Wyer, cashier of the bank, powers of attorney to collect the notes and sell the real estate. The notes were frequently renewed, and on December 15, 1894, the bank claimed that there was still unpaid thereon the sum of $1,400. On that date Buse gave the bank two notes—one for $1,150, and the other for $250. Shortly thereafter the First National Bank went out of business, and the First State Bank of Red Lake Falls was organized. The assets of the old bank were purchased by the new bank. Among the assets thus purchased were the two notes signed

by Buse, and the First State Bank paid therefor the full face value of the notes. The notes were thereafter frequently renewed, until they were finally paid on July 15, 1900. It appears, however, that, before the transfer of the notes to the First State Bank, the First National Bank had realized certain money on the collaterals, and, instead of properly applying it towards the payment of the notes, had applied it to the payment of interest on the notes at the rate of twenty per cent. per annum. If this money had been applied on the notes, Buse would have owed the bank $459.65, instead of $1,400. The actual indebtedness, then, at the time of the transfer was $459.-65, instead of $1,400.

On July 15, 1900, the First State Bank collected upon the collaterals the sum of $2,135.96, over and above $508.49 which it paid for taxes. After paying the actual balance then due on the notes, the First State Bank then had in its possession $1,360.93, which belonged to Buse, unless the First State Bank was entitled to collect $1,-400, the face of the notes it had purchased, instead of $459.65, the actual amount due on the notes. After the notes were transferred to the First State Bank, it charged interest at the rate of ten per cent. per annum only. Buse, when he signed the notes for $1,400, seems not to have been aware of the amount which had been collected by the First National Bank, or of the manner in which the money actually collected had been applied. The trial court dismissed the action as to the First National Bank, and held that the First State Bank was liable to Buse for the $1,360.93, with interest thereon from the time it was received.

The First State Bank succeeded to the business of the First National Bank. The defendant Wyer, who had been cashier of the First National Bank, became president of the First State Bank, and he testified that it was the same business carried on under a different name. The question is not whether the First State Bank became liable for the debts of the First National Bank, but did the First State Bank take the Buse notes for $1,400 with knowledge of the fact that but $459.65 was unpaid thereon? If it did, it could collect only what was legally due. It took the collateral as security for the actual debt, and was entitled to collect and retain only so much of the proceeds thereof as was necessary to pay the debt. It is imma-

terial whether it paid the face value of the notes or not, because, if it did, the act was without justification, and would evidence an intention to adopt whatever had been wrongfully done by the First National Bank. There is no question but that the actual facts were known to the officers of the State Bank when it acquired the notes, because the same men had transacted the business from the beginning of the transaction. Under such circumstances, it cannot be said that Wyer's knowledge vanished when he passed, with the business, from the old bank to the new. The trial court, therefore, properly held that the First State Bank should account to Buse for the balance of the money collected upon the collaterals after paying the amount actually due upon the notes.

We find no errors in the computations made by the trial court, and the order denying a new trial is therefore affirmed.